UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
LEVON ALEKSANIAN, SONAM LAMA, and HARJIT KHATRA,
Individually and on behalf of all others similarly situated,

                       Plaintiffs,

                                                      19 – cv – 10308 (ALC)

                       -against-

UBER TECHNOLOGIES, INC., UBER LOGISTIK, LLC, and UBER
USA LLC,

                       Defendants.
-------------------------------------------------------------------------------x

## Motion for Reconsideration of Order dated December 23, 2019

### Introduction

As noted in the Affirmation of Jeanne Mirer, this case was filed on November 6, 2019. However, at the time of the filing the cover sheet claimed in error that this matter was related to prior cases which had been assigned to Judge Alvin Hellerstein. Realizing that this case involved a major breach of contract claim which was essentially the same as one in which one of the plaintiffs, (Harjit Khatra) had previously sued the same parties, (Uber et al) which had been voluntarily dismissed without prejudice on February 1, 2017, Plaintiffs filed a corrected cover sheet which correctly stated that this case is essentially the same as Civil Action 16-cv-08299 which had been voluntarily dismissed and thus, the instant case was a "continuation" of a prior case where plaintiffs are seeking the same relief on the contract claims against the same party, and which pursuant to Local Rule 4(b) of the Rules on Division of Business Among District Judges of the Southern District of New York and was required to be assigned to the same Judge as had the original case. See e.g. *Digital Sins Inc. v Doe*, 2012 U.S. Dist. LEXIS 69286.

After the corrected cover sheet was filed, the Clerk advised Plaintiffs' counsel to send a letter to Your Honor who was assigned the case by the blind draw, to advise Your Honor of the mistake and the implications of the mistake for purposes of the application of Rule 4(b).  Although the letter sent to Your Honor briefly advised the Court of these facts, the Court appears to have overlooked the Plaintiffs statement regarding this case being essentially the same as one previously filed in this district and dismissed without prejudice, and denied any reassignment based on a "related case" analysis.

That is, rather than considering Plaintiff's letter as advising the Court that the current case was a continuation of a previously dismissed case,  the Court ruled as if the Plaintiffs had asked that the case to re-assigned as a "related" case, and denied that re-assignment on the basis that the "related case" has been terminated.   Presumably this was done pursuant to Rule 50.3.1 (c).

However, because this case is essentially the same as the case which was previously filed against the same defendants seeking the same relief by at least one of the plaintiffs who was part of the previously dismissed case Civil Action No.  16-cv-08299 the issue of reassignment needed to be addressed under that standard rather than the standard for related cases.

## Standard for Reconsideration

Local Civil Rule 6.3 provides that a party moving for reconsideration must set forth "the matters or controlling decisions which counsel believes the Court has overlooked."  As noted in *Schoolcraft v City of New York*, 298 F.R.D. 134 (S.D.N.Y. 2014): "The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion, and that might '"materially have influenced its earlier decision."'(citations omitted).  See also, *Analytic Surveys Inc. v Tonga Partners L.P.* 684 F.3d 36, 52  (2d Cir 2012) which states: "[T]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." "Reconsideration should be granted only where the moving party demonstrates that the Court has overlooked or

2

misapprehended factual matters or controlling decisions that were presented to it on the underlying motion." *Schrader v CSX Transp. Inc.* 70 F. 3d 255, 257 (2d Cir 1995)

Here Plaintiffs bring this motion for reconsideration because it appears from the Court's December 23rd order the Court overlooked or misapprehended the facts as to whether Plaintiff was seeking reassignment based on the cases being "related" to previously dismissed cases. The fact is reconsideration is sought only because the instant case is essentially the same case which was previously dismissed without prejudice such that Rule 4(b) applies and requires the case to be assigned to the previous judge.

### The Present Case is Essentially the Same as Case No. 16-cv-08299

Plaintiffs recognize that the current case and Case No. 16-cv-08299 are not identical. The current case is narrower in scope and claims than 16-cv-08299. The rule does not require identicality to be subject to rule 4(b) strictures. The requirement is that they be essentially the same. To the extent they are by at least one of the same plaintiffs against the same defendants seeking the same relief as to the breach of contract claims, the cases are "essentially the same".

For the foregoing reasons Plaintiff requests this Court reconsider its order of December 23, 2019 and reassign this case as required by Rule 4(b).

Dated: January 3, 2020  
       New York, NY

Respectfully submitted,

*[signature]*

Jeanne E. Mirer  
Mirer Mazzocchi & Julien, PLLC  
1 Whitehall Street, 16th Floor  
New York, NY 10004  
212-231-2235  
jmirer@mmsjlaw.com  
*Attorney for Plaintiffs*