919 THIRD AVENUE NEW YORK, NY 10022-3908

JENNER&BLOCK LLP

August 10, 2020

Jeremy Creelan
Tel +1 212 891 1678
Fax +1 212 909 0858
JCreelan@jenner.com

Honorable Andrew L. Carter Jr.
U.S. District Court for the
  Southern District of New York
40 Foley Square, Room 1306
New York, NY 10007

Re:   *Aleksanian et al. v. Uber et al.*, No. 19-CV-10308 (ALC)
      Notice of Supplemental Authority

Dear Judge Carter,

      In further support of their Motion to Compel Arbitration, Defendants respectfully submit the Seventh Circuit's recent decision in *Wallace v. Grubhub Holdings, Inc., et al.*, Nos. 19-1564 & 19-2156, --- F.3d ----, 2020 WL 4463062 (7th Cir. Aug. 4, 2020) (attached as Exhibit A).

      *Wallace* involved two suits brought in court by Grubhub drivers, even though both plaintiff drivers had signed a contract requiring them to arbitrate "any and all claims" arising out of their relationship with Grubhub. 2020 WL 4463062 at *1. Grubhub moved to compel arbitration. *Id.* Plaintiffs opposed the motion by arguing that they fell within the Federal Arbitration Act's ("FAA's") Section 1 exemption for workers engaged in interstate commerce. *Id.* Both district courts disagreed with plaintiffs and compelled arbitration. *Id.*

      The Seventh Circuit affirmed these decisions to compel arbitration. *Id.* at *2-*3. It began by interpreting Section 1's residual clause, finding that "someone whose occupation is not defined by its engagement in interstate commerce does not qualify for the [Section 1] exemption just because she occasionally performs that kind of work." *Id.* at *2. Rejecting plaintiffs' argument that merely transporting goods that might have crossed state or national lines fell within Section 1's "narrow exception," the court emphasized that a class of workers can only fall within the exception if "the interstate movement of goods is a central part of the class members' job description." *Id.* at *2-*3.

      *Wallace* further supports Defendants' position in this case that Section 1's exemption from arbitration applies only to classes of workers who *commonly*, rather than occasionally, engage in interstate commerce. The Seventh Circuit effectively rejected Plaintiffs' arguments to the contrary. *See* ECF No. 35 at 16-17, 22-23.

August 10, 2020
Page 2

Sincerely,

Jeremy Creelan

cc:	ECF Counsel