**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
    **LEVON ALEKSANIAN**, *individually, on behalf of all others similarly situated, and as Class Representative*, **ET AL.**,

                            **Plaintiffs,**

                  -against-

    **UBER TECHNOLOGIES INC., ET AL.**,

                            **Defendants.**
------------------------------------------------------------x

**1:19-cv-10308 (ALC)**

<u>**OPINION & ORDER**</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12/29/2021

**ANDREW L. CARTER, JR., United States District Judge:**

On March 8, 2021, the Court issued its opinion granting Defendants' motion to compel arbitration and Plaintiffs' motion for discovery. Plaintiffs filed this motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).

The Court assumes familiarity with the facts of this cases, as set forth in its March 8, 2021 Opinion and Order. For the reasons that follow, Plaintiffs' motion is DENIED.

A court will grant such a motion for reconsideration only where the party seeking reconsideration "[1] identifies an intervening change of controlling law, [2] the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and quotation marks omitted). The standard for granting such a motion is strict, and the decision to grant or deny a motion for reconsideration is one committed to the discretion of the district court. *Salveson v. JP Morgan Chase & Co.*, 663 Fed. App'x. 71, 75 (2d Cir. 2016) (internal quotations omitted). "[B]ut, in exercising that discretion, the court "must be mindful that a motion for reconsideration is not favored and is properly granted only upon a showing of

exceptional circumstances." *Boyd v. J.E. Robert Co.*, No. 05-CV-2455, 2013 WL 5436969, at *2 (E.D.N.Y. Sept. 27, 2013) (quoting *Nakshin v. Holder*, 360 Fed. App'x. 192, 193 (2d Cir. 2010)) (quotation marks omitted), *aff'd*, 765 F.3d 123 (2d Cir. 2014).

Plaintiffs contend that the Court committed egregious error by applying a motion to dismiss standard when determining the motion to compel arbitration. Plaintiffs' sought discovery on interstate trips "which Plaintiffs assert is relevant to deciding the issue of whether Plaintiffs belong to a class workers 'engaged in interstate commerce.'" *See* Opinion & Order at 9. The Court determined that discovery was unnecessary to resolve this issue. They argue that their factual submissions in reply to Defendants' motion to compel arbitration placed facts in dispute that barred resolution of the issue. But Plaintiffs' arguments are without merit. The opinion recognized that even though courts usually utilize something close to a summary judgment standard to decide motions to compel arbitration—allowing discovery where appropriate—when deciding whether a category of workers is exempted from the FAA under the residual clause of 9 U.S.C. § 1, the motion to dismiss standard applies if the complaint and incorporated documents provide a sufficient basis to decide the issue. Since the Court found that the Complaint and incorporated documents provided sufficient information, the Court ruled based on these documents.

The gravamen of Plaintiff's motion is their disagreement with the Court's conclusion. But mere disagreement with the Court's factual analysis is not sufficient grounds to baldly proclaim fallacy in the Court's reasoning. *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-cv-1318, 2019 WL 3738623, at *3 (S.D.N.Y. June 13, 2019) ("The fact that movants are unhappy with the Court's decision, while understandable, affords no basis for the relief they seek." (citations and quotation marks omitted)); *USA Certified Merchants, LLC v.*

*Koebel*, 273 F. Supp. 2d 501, 504 (S.D.N.Y. 2003) ("[A] motion for reconsideration is not designed to accord an opportunity for the moving party, unhappy with the results, to take issue with the Court's resolution of matters considered in connection with the original motion."). The Court finds no reason to alter the judgment in this case.

    For the foregoing reasons, Plaintiffs' motion for reconsideration is **DENIED**. The Clerk of the Court is respectfully directed to terminate ECF No. 62.

**SO ORDERED.**

Dated:  December 29, 2021
          New York, New York

                                         **ANDREW L. CARTER, JR.**
                                         **United States District Judge**