UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------------x
LEVON ALEKSANIAN, SONAM LAMA, HARJIT KHATRA,
and, Individually, on Behalf of All Others Similarly Situated, and
as Class Representatives,

                                                     CASE NO.
                    Plaintiffs,                        1:19-cv-10308-ALC

                  -against-

UBER TECHNOLOGIES, INC., UBER LOGISTIK, LLC, UBER
USA LLC, jointly and severally,

                  Defendants.
---------------------------------------------------------------------------------------x

## **JOINT STATUS REPORT**

       Pursuant to the Court's November 20, 2023 order, the parties have conferred and submit this joint status report.  The parties disagree on how to proceed in this case.  As such, they each present their positions below.

       **Plaintiffs' position**: Given the Court of Appeals' remand order, this case should first proceed with the hearing of a motion to amend the complaint based on changes in the law, as Plaintiffs proposed in March of 2021. Then, consistent with the Court of Appeals' opinion remanding this case for discovery and further briefing, the parties should proceed by first conducting discovery concerning facts relevant to the applicability of the Federal Arbitration Act (FAA). Following such discovery, the parties should brief together questions regarding the applicability of the FAA and whether or not state law can apply to the agreement and, if it can, whether state law would require Plaintiffs' claims to be arbitrated.

       Uber's original motion to dismiss sought to compel arbitration under the FAA or, alternatively, under state law, in the event the FAA does not apply. Plaintiffs argued that the

contract forecloses the application of any other law, including state law, if the FAA does not apply and that even if it could apply, Plaintiffs would still not be required to arbitrate their claims.

Conducting limited discovery and addressing the FAA as a threshold matter must occur as the FAA is the only law chosen to govern the arbitration provisions in the relevant agreements, per their express terms. A footnote in the Court of Appeals' order remanding this case for discovery notes merely that the district court may choose to address state law issues "as a preliminary matter on remand, as appropriate."[1] In this case, addressing first any state law issue on arbitrability would not be appropriate; doing so would contravene the plain text of the agreements at issue, which call repeatedly and exclusively for the arbitration agreements to be governed by the FAA. *See*, *e.g.*, Dkt. No. 20-6, at §15.1 ("The choice of law provisions contained in this section 15.1 do not apply to the arbitration clause contained in section 15.3, such arbitration clause being governed by the Federal Arbitration Act.")

As a practical matter, Uber's proposal to first address questions of arbitrability under state law would put this matter on an inefficient path that would drain judicial resources. Should the district court address only state law issues on remand, an appeal will likely be taken whatever the outcome. Then, should state law not apply or not be decisive, the Court of Appeals would once more have to remand for the discovery on FAA-related issues that it has just ordered. In the interest of a timely outcome and judicial economy, the parties and Court would best be served by addressing both FAA and state law issues simultaneously so that, upon a later appeal, the Court of Appeals can address the issue of arbitrability wholly and with finality.

As the Court of Appeals ordered "limited discovery," this process should not ultimately be very time-consuming and can be conducted more expeditiously than if done after remand upon a

---

[1] Plaintiffs note that the question of whether or not the applicability of the FAA is a threshold question, to be addressed before any state law issues, was not before the Court of Appeals.

subsequent appeal. Similar discovery has been taken in *Singh v. Uber*, 16-cv-3044-FW (E.D. Pa.) and, within this District, in *Golightly v. Uber*, 21-cv-3005-LJL (S.D.N.Y.) with little delay.

Additionally, given that Uber does not intend to challenge the Court of Appeals' summary order, Plaintiffs intend to file a pre-motion letter, pursuant to Your Honor's individual rules, seeking leave to amend the pleadings, to plead the breach of contract claims from the initial 2019 complaint as New York Labor Law claims, in light of recent decisions treating Uber drivers and other app-based workers as employees under the NYLL, that had not yet been issued when Plaintiffs commenced this action. This Court's Order and Opinion denied Plaintiffs' previous request for a pre-motion conference, viewing such a motion as futile in light of the Court's view that, under the FAA, the arbitration of statutory claims would be compelled regardless. In light of the Court of Appeals' remand on the issue of the FAA's applicability, Plaintiffs' motion to amend should now be heard. Such amendments are relevant at this stage, as state law treatment of the arbitrability of certain statutory claims can differ from its treatment of common-law claims.

Accordingly, Plaintiffs' view is that Plaintiffs' motion to amend should be heard, and that the parties should proceed in limited discovery on FAA-related issues. Following discovery, the parties should submit briefing on both the applicability of the FAA and the potential applicability of state law to the arbitration agreement.

**Uber's position**:  In Uber's view, discovery should not occur until the Court rules on Uber's argument that the arbitration agreement is enforceable under state law.

In its original motion to dismiss, Uber made two arguments: the arbitration agreement is enforceable under the Federal Arbitration Act (FAA), and even if the FAA does not apply, the arbitration agreement is enforceable under state law.  This Court ruled that the arbitration agreement is enforceable under the FAA and therefore did not resolve Uber's alternative state-law

argument.  On appeal, Uber again made both arguments.  The Second Circuit vacated this Court's decision on the FAA issue.  The Second Circuit did not decide whether the FAA applied; instead, it ruled that discovery is needed before resolving that issue.  As to Uber's alternative state-law argument, the Second Circuit stated: "Uber also argues that even if the Drivers are exempt from the FAA, they should be compelled to arbitrate because the arbitration agreement is enforceable under New York state law. The District Court may choose to address this question as a preliminary matter on remand, as appropriate."  Thus, under the Second Circuit's order, this Court has the discretion to decide the state-law question "as a preliminary matter," i.e., before discovery occurs on the FAA issue.

As contemplated by the Second Circuit, Uber believes that the Court should decide the state-law question "as a preliminary matter."  If the Court concludes that the case is arbitrable under state law even if the FAA does not apply, it should compel arbitration.  If the Court concludes that the case is not arbitrable under state law, then the FAA question will be outcome-determinative, so the parties should engage in the discovery contemplated by the Second Circuit, and the Court should then rule on that issue.  To be clear, Uber adheres to its position that Plaintiffs' claims are arbitrable under the FAA.  Uber believes, however, that proceeding in this fashion would conserve resources.  If this case is arbitrable regardless of the outcome of the parties' FAA dispute, then there is no purpose to spending time on discovery to resolve the FAA dispute.  The parties should engage in that discovery only if the applicability of the FAA matters to the outcome.

The parties fully briefed the state-law issue at the motion to dismiss stage.  Although the Second Circuit ruled that Uber's FAA argument should not be resolved without discovery, Uber's state-law argument in its motion to dismiss remains pending before the Court.  Thus, the Court has the option of ruling based on the briefs that have already been submitted to the Court.  However,

because the parties filed their briefs in 2020, Uber would suggest that the parties file new briefs that would allow them to address intervening case law.

Finally, on March 2, 2021, Plaintiffs submitted a letter motion regarding an anticipated motion for leave to amend the complaint.  On March 4, 2021, Uber submitted a letter response taking the position that the Court should first decide arbitrability, and should resolve the motion for leave to amend only if the case is not arbitrable.  Uber adheres to the position expressed in its March 4, 2021 letter.

Dated November 30, 2023

*/s/Zubin Soleimany*
Zubin Soleimany
New York Taxi Workers Alliance
31-10 37th Ave. Ste. 300
Long Island City, NY 11101
(347) 470-4755
zsoleimany@nytwa.org

Jeanne Mirer
Ria Julien
Julien Mirer Singla and Goldstein, PLLC
1 Whitehall St., 16th Floor
New York, NY 10004
(212) 231-2235
jmirer@workingpeopleslaw.com
rjulien@workingpeopleslaw.com

*Counsel for Plaintiffs*

Respectfully submitted,

s/ Jeremy Creelan
Jeremy M. Creelan
Elizabeth A. Edmondson
919 Third Avenue
New York, NY 10022-3908
(212) 891-1600
JCreelan@jenner.com
EEdmondson@jenner.com

Adam G. Unikowsky (*pro hac vice*)
1099 New York Avenue, NW Suite 900
Washington, DC 20001-4412
(202) 639-6000
AUnikowsky@jenner.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2023, the foregoing Joint Status Report was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

s/ Jeremy Creelan
Jeremy M. Creelan
