USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12/17/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

LEVON ALEKSANIAN, SONAM LAMA, HARJIT KHATRA, Individually, and on Behalf of All Others Similarly Situated, and as Class Representatives,

                         Plaintiffs,

                    -against-                        CIVIL ACTION NO.: 19-cv-10308

                                                  **PROTECTIVE ORDER**

UBER TECHNOLOGIES, INC., UBER LOGISTIK, LLC, UBER USA, LLC, jointly and severally,

                        Defendants.

------------------------------------------------------------X

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

STIPULATED AND ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. A party may designate as "Confidential" any information produced in disclosures or in response to discovery requests or subpoenas in this action that, in good faith, the designating party deems proprietary, a trade secret, or otherwise sensitive non-public information, including, without limitation: (a) trip information, including but not limited to information that contains the date, time, location, distance, duration, or other information about trips whether individual or aggregated; (b) Defendants' non-public policies or procedures; (c) Defendants' non-public financial, operations, or other proprietary or trade secret information; (d) business or marketing plans of Defendants; (e) proprietary business or pricing information; and (f) any portion of non-public depositions (including audio or video) where information described in (a)-(f) above is disclosed or used in an exhibit.

2. Any party may designate as "Highly Confidential – For Attorneys' Eyes Only" any information produced in disclosures or in response to discovery requests or subpoenas in this action that, in good faith, such designating party believes would place it at a competitive disadvantage because such documents or information contain proprietary information or trade secrets, the disclosure of which is likely to cause irreparable harm of significant injury to the competitive position of the designating party. "Highly Confidential

– For Attorneys' Eyes Only" information includes, without limitation: (a) Defendants' proprietary algorithms (including, without limitation, matching or pricing algorithms); and (b) any portion of non-public depositions (including audio or video) where information described in (a) is disclosed or used in an exhibit. "Highly Confidential – For Attorneys' Eyes Only" information shall be held in the highest confidence by each person to whom it is disclosed, shall be used only for purposes that are specifically and directly related to the conduct of this litigation, and shall not be used for any business purpose. All copies of "Highly Confidential – For Attorneys' Eyes Only" information shall be securely destroyed. The unauthorized disclosure of "Highly Confidential - For Attorneys' Eyes Only" information shall give any party the right to seek and obtain immediate injunctive or other equitable relief to enjoin any unauthorized use or disclosure of its "Highly Confidential - For Attorneys' Eyes Only" information in addition to any other rights or remedies that it may have at law or otherwise.

3. With respect to discovery material other than deposition transcripts and exhibits, a party may designate such portion as "Confidential" or "Highly Confidential - For Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential - For Attorneys' Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility. For information produced in native form (e.g., excel spreadsheets), the information should be designated as "Confidential" or "Highly Confidential - For Attorneys' Eyes Only" in the applicable metadata field. If the receiving party creates any readable report or output from such information that is disclosed to another person authorized to review the information, that party shall prominently label each page of such output report as "Confidential" or "Highly Confidential - For Attorneys Eyes Only."  A party need not perform such labeling for any report or output that is reviewed solely by that party.

4. Deposition transcripts and exhibits may be designated as "Confidential" or "Highly Confidential - For Attorneys Eyes Only" either on the record during the deposition or within fifteen days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be marked "Confidential Information Governed by Protective Order" or "Highly Confidential - For Attorneys Eyes Only Information Governed by Protective Order" by the reporter. Unless otherwise designated at the deposition, the entire deposition transcript shall be treated as "Confidential" up until fifteen days after receipt of the transcript. Any "Confidential" or "Highly Confidential - For Attorneys Eyes Only" information that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such information. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order. Deponents may be shown "Confidential" or "Highly Confidential - For Attorneys Eyes Only" information during their deposition but shall not be permitted to keep copies of said information nor any portion of the deposition transcript reflecting the information.

5. Any "Confidential" or "Highly Confidential - For Attorneys Eyes Only" information  will be held and used by the person receiving such information solely for use in connection with

the action and any appeals thereto. Documents and information produced in this action may not be used for any business, commercial, or competitive purpose or in any other litigation proceeding. Any information listing the names, addresses, or other identifying or contact information for independent transportation providers/independent contractors shall not be used to solicit the participation of the identified individuals in any other lawsuit or legal proceedings.

6.  Nothing contained in this Protective Order will affect or restrict the rights of any party with respect to its own documents or information produced in this action. Nothing herein shall prevent any person from seeking, by written agreement of the signatories hereto or court order, further, greater, or lesser protection with respect to the use of any documents or information in connection with this action.

7.  In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. The challenging party may do so at any time before the close of fact discovery in this action by providing written notice to the designating party stating with particularity the grounds of the objection. Counsel for the designating party shall respond in writing to such objection within three (3) business days and shall state with particularity the grounds for the designation. All motions challenging the designation of information must be timely brought for hearing before the close of fact discovery in this action unless the challenge process described in this paragraph could not reasonably have been instituted and concluded before the close of fact discovery. Notwithstanding any challenge to a designation, the discovery material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the designating party withdraws such designation in writing; or (b) the Court rules that the discovery material in question is not entitled to the designation. The burden of establishing "Confidential" or "Highly Confidential – For Attorneys Eyes Only" status shall be on the designating party. Any designation by a party of information as "Confidential" or "Highly Confidential – For Attorneys Eyes Only" shall not create a presumption that the information is entitled to "Confidential" or "Highly Confidential – For Attorneys Eyes Only" status. Nothing in this Protective Order constitutes an admission by any party that any document, testimony, or other evidence disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of any document, testimony, or other evidence.

8.  All documents and information designated as "Confidential" shall not be disclosed to any person, except:

    a. The parties and counsel of record, including in-house counsel, and such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;
    b. Employees and former employees of Defendants whose assistance is needed in the defense of the proceeding;
    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. Outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    e. Any witness who counsel for a party believes in good faith may be called to testify at trial or deposition in this action;

    f. Court reporters, stenographers and videographers retained to record testimony taken in this action;

    g. Graphics, translation, design, and/or trial consulting personnel; and

    h. The Court (including a mediator, any appellate court, or other person having access to the information by virtue of his or her position with the Court).

9. "Highly Confidential – For Attorneys' Eyes Only" shall not be disclosed to any person except:

    a. Counsel of record, including in-house counsel, and such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

    b. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel for the purpose of obtaining the consultant's or expert's assistance in the litigation;

    c. Outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter for the sole purpose of assisting in providing document-management and/or copy services in this matter;

    d. Any witness who is noticed for a deposition or who counsel for a party believes in good faith may be called to testify at trial or hearing in this action, solely for purposes of testimony or preparation of testimony in this action, whether at trial, hearing, or deposition, provided that such information may not be retained by the witness;

    e. Court reporters, stenographers and videographers retained to record testimony taken in this action for the sole purpose of assisting in recording testimony at a deposition, hearing, or trial in this matter; and

    f. The Court (including a mediator, any appellate court, or other person having access to the information by virtue of his or her position with the Court), and to no other persons.

Before disclosure of "Highly Confidential – For Attorneys' Eyes Only" material to any witness as identified in Section 9(d), the receiving party shall provide written notice to the designating party of the intention to make such disclosure. That notice shall include the name, address, and rationale for disclosure. If the designating party does not object in writing to the proposed disclosure within three (3) business days of receipt of the written notice, the designating party shall be deemed to have not objected to the disclosure of the notified "Highly Confidential – For Attorneys' Eyes Only" material to the specified witness pursuant to the terms of Section 9(d). If the designating party objects in writing to the proposed disclosure within three (3) business days of receipt of the written notice, the parties shall meet and confer regarding the proposed disclosure. If the parties cannot resolve the issue within seven (7) calendar days, designating party shall, within seven (7)

calendar days of the meet and confer period, file a motion to prevent such disclosure. The parties disagree which party shall have the burden to justify the necessity for disclosing 'Highly Confidential – For Attorneys Eyes Only' material to a witness. The parties reserve their rights to litigate that issue to the extent it requires resolution later in this action. During the notice period, meet and confer period, and during the pendency of any such objection, no "Highly Confidential – For Attorneys' Eyes Only" material may be shared with the witness.

10. Prior to disclosing or displaying "Confidential" or "Highly Confidential - For Attorneys Eyes Only" information to any individual pursuant to paragraphs 8(b)-(e) and (g) or paragraphs 9(b)-(d) above, counsel must:

    a. Inform the person of the confidential nature of the information or documents;
    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

11. Each person who has access to discovery material that has been designated as "Confidential" or "Highly Confidential - For Attorneys' Eyes Only" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Any person in possession of another party's "Confidential" or "Highly Confidential - For Attorneys Eyes Only" information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the confidentiality of such information, protect against any reasonably anticipated threats or hazards to the security of such information, and protect against unauthorized access to or use of such information. To the extent a person or party does not have an information security program, they may comply with this provision by having the "Confidential" or "Highly Confidential - For Attorneys Eyes Only" information managed by and/or stored with e-discovery vendors or claims administrators who maintain such an information security program.

12. In the event of a disclosure of any discovery material designated pursuant to this Protective Order to any person not authorized to receive such disclosure or an otherwise breach of security, the party responsible for having made such disclosure, and each party with knowledge thereof, shall (a) promptly provide written notice to all parties of the breach; (b) investigate and take all necessary and appropriate corrective action to terminate the unauthorized access and all reasonable efforts to remediate the effects of the breach, and provide the designating party with assurances reasonably satisfactory to the designating party that such breach shall not recur; and (c) provide sufficient information about the breach that the designating party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement, or order to disclose such information, the receiving party shall take all reasonable steps to give the designating party sufficient prior notice in order to contest such request, requirement or order through legal means. The parties agree to cooperate with the designating party or law enforcement in

investigating any such security incident. In any event, the parties shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access. Unauthorized or inadvertent disclosure does not change the designation status of discovery material.

13. The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential - For Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information pursuant to this Protective Order. If so designated, the document or information shall henceforth be treated in accordance with all the terms of this Stipulation and Order.

14. Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) contained in documents sought in discovery may be redacted. If inadvertently produced, such information will be maintained by the receiving party in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, they shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

15. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, and shall not result in any waiver, including subject matter waiver, of any kind. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

    a. If, during the course of this litigation, a party determines that any information produced by another party is privileged or protected, the receiving party shall: (A) refrain from reading the information any more closely than is necessary to ascertain that it is privileged or otherwise protected; (B) immediately notify the producing party in writing that it has discovered privileged or protected information; (C) specifically identify by Bates Number range or hash value; and, (D) within ten (10) days of discovery by the receiving party, return or destroy all copies of such privileged or protected information, along with any notes, abstracts or compilations of the content thereof. To the extent that privileged or protected information has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the privileged or protected information extracted from the database. Where such privileged or protected information cannot be destroyed or separated, it shall

    not be reviewed, disclosed, or otherwise used by the receiving party. Notwithstanding, the receiving party is under no obligation to search or review the producing party's disclosures or productions to identify privileged or protected information. If the producing party intends to assert a claim of privilege or other protection over information identified by the receiving party as privileged or protected information, the producing party will, within ten (10) days of receiving the receiving party's written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such privileged or protected information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the privileged or protected information does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the privileged or protected information that omits the information that the producing party believes is subject to a claim of privilege or other protection.

b. If, during the course of this litigation, a party determines it has produced privileged or protected information, the producing party may notify the receiving party of such production and demand the return of such information in writing. The producing party's written notice will identify the privileged or protected information produced by Bates Number range or hash value, the privilege or other protection claimed, and the basis for the assertion of the privilege or other protection and shall provide the receiving party with a log for such privileged or protected information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the identified information does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the privileged or protected information that omits the information that the producing party believes is subject to a claim of privilege or other protection. The receiving party must, within ten (10) days of receiving the producing party's notification, return or destroy the privileged or protected information and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that privileged or protected information has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the privileged or protected information extracted from the database.

c. To the extent that privileged or protected information has already been used in or described in other information generated or maintained by the receiving party prior to the date of receipt of written notice as set forth above, the receiving party shall sequester such other information until the claim has been resolved. If the receiving party disclosed the privileged or protected information before receiving notice pursuant to this Protective Order, the receiving party must take reasonable steps to retrieve the privileged or protected information.

    d. The receiving party's return, sequestering, or destruction of privileged or protected information as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered or destroyed information on the grounds that the information is not, in fact, subject to a viable claim of privilege or protection. However, the receiving party cannot argue that: (a) the disclosure or production of the privileged or protected information acts as a waiver of an applicable privilege or evidentiary protection; (b) the disclosure of the privileged or protected information was not inadvertent; (c) the producing party did not take reasonable steps to prevent the disclosure of the privileged or protected information; and (d) the producing party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

    e. Either party may submit privileged or protected information to the Court under seal for a determination of the claim of privilege or other protection. The producing party shall preserve the privileged or protected information until such claim is resolved. The receiving party may not use the privileged or protected information for any purpose absent an Order from this Court. Upon a determination by the Court that the privileged or protected information is protected by the applicable privilege or evidentiary protection, and if the privileged or protected information has been sequestered rather than returned or destroyed by the receiving party, the privileged or protected information shall be returned or destroyed within 10 (ten) days of the Court's Order. The Court may also order the identification by the receiving party of privileged or protected information by search terms or other means.

16. Notwithstanding the designation of information as "Confidential" or "Highly Confidential - For Attorneys' Eyes Only" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal. In accordance with those procedures, the parties must obtain leave of Court before filing any document under seal. Any sealing request must include the moving party's proposed redactions. If leave is granted, the moving party must file redacted copies with the Clerk of the Court.

17. In the event a party in receipt of discovery material designated as "Confidential" or "Highly Confidential - For Attorneys' Eyes Only" anticipates a need to file such material on the Court docket, the party shall, no later than three (3) business days prior to such filing, advise all parties of the need to file such material. The designating party shall, within 24 hours, advise the notifying party whether it wishes to maintain the designation. If it does, the notifying party shall not file the material on the public docket but will instead file a placeholder indicating that the material is subject to a forthcoming motion to seal or redact.

18. At the conclusion of litigation, any material designated "Confidential" or "Highly Confidential - For Attorneys' Eyes Only" and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel

shall be permitted to retain their working files on the condition that those files will remain protected. If material designated "Confidential" or "Highly Confidential - For Attorneys' Eyes Only" is furnished to outside experts or consultants, the attorney for the party using such expert or consultant shall have the responsibility of ensuring that all such material including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, is returned to the producing party or destroyed, and so certifying in writing. If information marked "Confidential" or "Highly Confidential - For Attorneys' Eyes Only" has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such information (including all associated images and native files), is extracted from such databases (including any associated staging databases) and destroyed.

19. Nothing herein shall preclude the parties from disclosing material as required by law or pursuant to a valid subpoena. In the event that any party, having possession, custody, or control of any materials designated under this Protective Order, receives a subpoena or other process or order to produce such materials in another legal proceeding from a nonparty to this action, such party shall immediately notify counsel in writing before any compliance under such subpoena or court order is requested or required, including the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this Protective Order. The designating party shall provide its position or written consent within three (3) business days of receiving such notice. The designating party's written consent shall be received before disclosing any information in the legal proceeding.

20. This Protective Order, until it is entered by the Court, and even if it is never entered by the Court, shall be deemed to be an enforceable agreement between the parties, except to the extent that it is inconsistent with any Order of the Court. By operation of the parties' agreement and Court Order, the parties are specifically afforded the full protections of Federal Rule of Evidence 502(d) and (e).

21. This Protective Order shall survive the termination of the litigation. This Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court.

SO STIPULATED AND AGREED.

Dated:  December 4, 2024                             Dated:  December 5, 2024

_____                     _____
Zubin Soleimany                                      Lee R. Crain
*Attorneys for Plaintiffs*                           *Attorneys for Defendants*

SO ORDERED:

_____
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Dated:  December 17, 2024
New York, NY

**<u>Agreement</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "Confidential" or "Highly Confidential - For Attorneys' Eyes Only" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation. At the conclusion of the litigation, I will return all discovery information to the party or counsel from whom I received it, or upon permission of such party or counsel, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation could subject me to punishment for contempt of Court.

Date: _____    Signature: _____

Print Name: _____