# NEW YORK TAXI WORKERS ALLIANCE
AFL-CIO; Intl. Transport Workers' Federation

31-10 37TH AVE.
SUITE 300
LONG ISLAND CITY, NY 11101
TELEPHONE: (718) 706-9892

May 16, 2025

<u>*Via ECF*</u>
Hon. Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

    Re:    *Levon Aleksanian et al. v. Uber Technologies*, *et al.*, 19-cv-10308(ALC)(RWL)

Dear Judge Lehrburger:

We represent Plaintiffs in the above-captioned matter. Plaintiffs submit this letter motion seeking clarification of Your Honor's May 2nd discovery Order, Dkt. 108. Specifically, Plaintiffs seek clarification of what, if anything, the Court would like Defendants to produce in response to Plaintiff Aleksanian's Interrogatory No. 22.

In its May 2nd Order, the Court wrote, "Defendant need not respond to Interrogatory No. 22 beyond what it already has agreed to produce." Dkt. 108, at ¶ 2. To clarify, to date, Defendants have declined to produce anything in response to Interrogatory No. 22. *See*, *e.g.*, Defendants' Feb. 11, 2025 Letter to Plaintiffs, Dkt. 105-1, at 16-21 (setting forth all data that Defendants agreed to produce in response to Plaintiffs' interrogatories, identified by the interrogatory to which it responds, and not identifying any data as responding to Aleksanian Interrogatory No. 22). *See also* Plaintiffs' Pre-Motion Letter, Dkt. 104, at 1; Plaintiffs' March 11, 2025 Letter to Defendants, Dkt. 104-1, at 20-21.[1] As noted in Plaintiffs' March 11 letter, although Defendants produced state-by-state statistics for California and Massachusetts in their initial motion to compel arbitration (*see* Dkt. 20, at 11) they have not, in discovery, agreed to produce any data regarding the incidence of interstate trips on a territory-by-territory or state-by-state basis, other than for the New York City territory.

---

[1] Initially, Aleksanian Interrogatory No. 22 sought information regarding the number of drivers who provided at least one trip, the number of drivers who provided at least one interstate trip, and the number of drivers who provided at least one international trip, for all territories. Plaintiffs' most recent proposal sought the total number of trips, and the total number of trips that crossed state lines, for each state in the continental U.S. *See* Plaintiffs' March 11 Discovery Ltr., Dkt. 104-1, at 21. This limited interrogatory is distinct from all other trip data-related interrogatories on which the parties reached agreement prior to the May 2nd discovery conference, which sought data only for New York City trips and the aggregate of nationwide trips, respectively.

Given that Defendants have not produced data in response to Aleksanian Interrogatory No. 22, Plaintiffs propose that, consistent with Your Honor's Order requiring production of documents limited to 10 markets for other requests that sought territory-by-territory responses, that Defendants provide, in each year from 2013-2019, the total number of trips and the total number of trips that crossed state lines for either: each of the 10 territories selected by Plaintiffs or, if more appropriate in the context of providing trip data, 10 states to be selected by Plaintiffs.

Plaintiffs thank the Court for its attention to this matter.

Respectfully submitted,

/s/Zubin Soleimany
Zubin Soleimany
New York Taxi Workers Alliance
31-10 37th Ave. Ste. 300
Long Island City, 11101
(347) 470-4755
zsoleimany@nytwa.org

cc: All counsel of record via CM/ECF

Denied. The Court did not intend to require production of any additional data in response to Request 22 beyond the data that Uber already produced / agreed to produce that is responsive to Request 22 even if it is also responsive to other requests and was not produced specifically in response to Request 22.

SO ORDERED:

5/22/2025

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE