UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LEVON ALEKSANIAN, SONAM LAMA, and    :
HARJIT KHATRA, individually, on behalf of    :
all others similarly situated, and as Class    :        19-CV-10308 (ALC) (RWL)
Representatives,    :
    :
                                Plaintiffs,    :        **ORDER**
    :
                - against -    :
    :
UBER TECHNOLOGIES INC., UBER    :
LOGISTIK, LLC, and UBER USA LLC,    :
    :
                                Defendants.    :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses Plaintiff's letter motion at Dkt. 113 requesting that the Court (1) bifurcate briefing on Uber's impending motion to compel arbitration so as to first address and resolve arbitrability under New York state law before addressing arbitrabililty under the FAA, and (2) stay discovery pending resolution of the state law issue. Plaintiffs oppose the motion. (Dkt. 115.)

The Court previously resolved this dispute in favor of Plaintiffs, and the parties have proceeded accordingly for the last sixteen months. On November 30, 2023, following remand by the Court of Appeals, the parties filed a joint status report in which Uber advocated the exact same plan: "In Uber's view, discovery should not occur until the Court rules on Uber's argument that the arbitration agreement is enforceable under state law." (Dkt. 79 at 3.) Plaintiffs, contrast, sought to proceed with limited discovery on arbitrability under the FAA. (*Id.* at 1-3.) On January 10, 2024, Judge Carter ordered the parties to proceed with "limited discovery concerning facts relevant to the applicability of the [FAA]." (Dkt. 84.) Uber did not seek reconsideration.

On January 31, 2024, the parties filed a joint status report describing the steps the parties had taken and were taking to proceed with discovery.  (Dkt. 89.)  And in December 2024, the parties filed a proposed protective order, which the Court entered, governing production of confidential information.  (Dkt. 97.)  The only notable changes since then are that the case has been referred to the undersigned for general pretrial purposes; Plaintiffs moved to compel certain discovery; and the Court granted that motion in part, while substantially limiting the discovery sought.[1]  (Dkt. 112.)   Although that discovery, limited as it is, may be more than Uber hoped or anticipated would be permitted, the Court has not been presented with sufficient grounds to depart from Judge Carter's earlier order.

Accordingly, the motion is DENIED.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 113.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 27, 2025
         New York, New York

Copies transmitted this date to all counsel of record.

---

[1] It is certainly possible that Uber's proposal, in retrospect, would be more efficient and save Uber the task and expense of discovery.  And, other courts faced with the same case might proceed on that basis.  *See Harper v. Amazon.com Services, Inc.*, 12 F.4th 287, 294 (3d Cir. 2021).  Those arguments, however, and the other points raised in Uber's letter motion, were available to Uber when it sought the same relief before Judge Carter in 2023.