UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEVON ALEKSANIAN, SONAM LAMA, and   :
HARJIT KHATRA, individually, on behalf of   :
all others similarly situated, and as Class   :        19-CV-10308 (ALC) (RWL)
Representatives,   :
  :
                    Plaintiffs,   :            **ORDER:**
  :     **MOTION TO SEAL (DKT. 162)**
      - against -   :
  :
UBER TECHNOLOGIES INC., UBER   :
LOGISTIK, LLC, and UBER USA LLC,   :
  :
                  Defendants.   :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiffs, who are present and former rideshare drivers, brought this case against the defendants, collectively "Uber," alleging violations of the New York Labor Law and, in the alternative, for breach of contract. (*See* Dkt. 1, *amended* Dkt. 83.) Before any discovery was taken, Uber moved to compel arbitration. The District Court granted the motion. On appeal, the Second Circuit determined that a decision on the motion was premature and that discovery should be taken to resolve the motion, and remanded the case for that purpose. *Aleksanian v. Uber Technologies Inc.*, No. 22-98, 2023 WL 7537627, at *3-4 (2d Cir. Nov. 14, 2023) (summary order). The parties conducted the ordered discovery, which includes thousands of pages of Uber documents and extensive data pertaining to more than 130 business metrics for the period 2013-2019. Uber renewed its motion to compel arbitration. Uber also filed a letter motion seeking to maintain under seal portions of 18 documents filed by both parties in connection with Uber's motion to compel. (Dkt. 162; *see also* Dkt. 165 (reply in support of letter motion to seal).) The information at issue falls into two categories: business metrics data and

1

commercial agreements with airports and an airline.  Plaintiffs filed a letter in opposition to sealing.  (Dkt. 163.)  After hearing argument on the substance of Uber's motion to compel, and having discussed Uber's motion to seal at the tail end of the argument, the Court requested that Uber submit a declaration from a person with knowledge attesting to why the information Uber seeks to maintain under seal is competitively sensitive and would harm Uber if disclosed publicly.   (Dkt. 173.)  Uber filed the requisite declaration. (*See* Dkt. 174.)  For the reasons that follow, Uber's motion to seal is GRANTED in part and DENIED in part.

The public has a strong presumptive right of access to certain judicial documents, established by the First Amendment, as well as a weaker presumptive right to all judicial documents, established at common law.  *Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) ("Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law"); *see also United States v. Amodeo*, 71 F.3d 1044, 1047-49 (2d Cir. 1995) (discussing and analyzing the presumption of access under common law).

Determining whether documents should remain under seal despite the presumption of access requires a three-step analysis.  *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).  First, the Court determines whether the document is a "judicial document"; that is, "a filed item that is relevant to the performance of the judicial function and useful in the judicial process."  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also United States v. Greenwood*, 145 F.4th 248, 254-55 (2d Cir. 2025) ("The common law

2

right of public access turns on whether the document at issue is a judicial document, to which the common law presumption applies").  Second, if the document qualifies as "judicial," the Court assesses the weight of the presumption.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("Once the court has determined that the documents are judicial documents ... it must determine the weight of that presumption").  "The weight ... is a function of (1) the role of the material ... in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts[.]"  *Bernstein*, 814 F.3d at 142 (internal quotation marks and citation omitted).  Third, the Court balances competing considerations – for instance, the "danger of impairing law enforcement or judicial efficiency," or "the privacy interests of those resisting disclosure" – against the presumption of access.  *Amodeo*, 71 F.3d at 1050.  Ultimately, sealing may be afforded if the Court finds that doing so is "essential to preserve higher values and is narrowly tailored to serve that interest."  *Bernstein*, 814 F.3d at 144 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Here, the documents containing the information Uber seeks to maintain under seal include the parties' briefs for the motion to compel arbitration, the parties' statements of material facts, declarations submitted in support of and against the motion, and exhibits accompanying the declarations.  All of those documents are judicial in nature as they serve as the bases on which the motion will be decided.  *See Bernsten v. O'Reilly*, 307 F. Supp.3d 161, 166 (S.D.N.Y. 2018) ("Just as with documents submitted in connection with a Motion for Summary Judgment, documents filed in connection to a Motion to Compel Arbitration … are judicial documents to which a presumption of immediate public access attaches") (internal quotation marks and citation omitted); *Standard Investment*

3

*Chartered, Inc. v. National Association of Securities Dealers, Inc.*, No. 07-CV-2014, 2008 WL 199537, at *16 (S.D.N.Y. Jan. 22, 2008) ("Motion papers are judicial documents ... ."). The weight of that presumption is strong, particularly with respect to the specific information cited by the parties in their briefing and statements of material facts as support for their arguments. *See Olson v. Major League Baseball*, 29 F.4th 59, 88 (2d Cir. 2022) (documents filed in support of motion were judicial in nature, particularly when "explicitly referred to, and quoted" by a party, and forming "one of the key grounds" of a party's argument). The weight of the presumption is weaker with respect to material submitted by the parties as portions of exhibits that the parties do not cite, quote, or rely on but that were included for completeness.

Uber asserts that its business metrics data, particularly when considered in totality, disclose sensitive business information that would be of substantial value to Uber's competitors, notwithstanding that the data dates from 2013 to 2019. Uber asserts that certain aspects of its airport agreements are of a similar nature. Although protection is far from automatic, *New York v. Actavis, PLC*, No. 14-CV-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014), courts in this District "routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information." *IBM Corp. v. Micro Focus (US), Inc.*, No. 22-CV-9910, 2024 WL 343265, at *1 (S.D.N.Y. Jan. 30, 2024); *see also Nielson Consumer LLC v. Circana Group, L.P.*, No. 22-CV-3235, 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024) (sealing information that "can fairly be characterized as commercially sensitive business information pertaining to the parties' relationship that could cause competitive harm") (internal quotation marks omitted); *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp.3d 485,

4

511 (S.D.N.Y. 2015) (sealing "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (internal quotation marks and citation omitted).  On the other hand, financial and business information that is stale is less likely to warrant protection.  *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, No. 14-MD-2542, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023) ("the older the information is, the less appropriate it is to seal that information").

The Court has reviewed the documents and portions of documents that Uber requests remain under seal.  Taking into account the nature and staleness of the information; the strong presumption in favor of public access with respect to summary judgment filings – particularly the parties' briefs and statements of material facts – the Court finds that Uber has not met its burden to demonstrate that the interest in public access in those materials is outweighed by another weightier interest.  The Court is not persuaded that Uber will incur competitive harm if the data cited in the parties' briefs and statements of material fact are made public.  The data are seven to thirteen years old. The total number of data metrics actually relied upon by the parties are but a modest slice of the more than 130 data metrics produced by Uber in discovery.  The declaration provided by Uber is generally conclusory and does not explain with sufficient specificity how the particular data, stale as it is, could be used by competitors to gain an advantage. (*See* Dkt. 174-1.)

The data points at issue include, for example, percentage of time driven for or revenue derived from interstate and airport trips, total on-trip minutes, percentage of drivers that completed at least one airport trip, and the like.  These data points are

precisely the type of data called out by the Second Circuit as ripe for discovery on remand. *See Aleksanian*, 2023 WL 7537627, at *3 (suggesting data for discovery to include "Uber's revenue from interstate trips; the average number of interstate trips Uber drivers take over various time periods (such as a week, a month, or a year); the median number of interstate trips for Uber drivers over various time periods; what percentage of Uber drivers take interstate trips over various time periods; how often Uber drivers decline interstate trips"). Of course, just because information is produced in discovery does not make it "judicial" or particularly salient. That is why the Court here differentiates between (i) the specific metric values that are called out and relied on by the parties in their briefs and statements of material fact, and (ii) material that extends beyond and appears in either the parties' declarations or exhibits. The former category shall not be sealed; the latter category shall remain sealed. For similar reasons, the Court will not maintain under seal select metrics it elects to cite in its opinion on the substance of Uber's motion to compel.

As for the airport agreements, Uber has, most recently, proposed redactions that are few and select and for which the presumption to access is outweighed by either the competitively sensitive nature of the information (e.g., pricing structure and negotiated financial terms) or the interest in protecting personally identifying information (e.g., the names and emails of individual signatories). (*See* Dkt. 174.) The Court finds that that limited information may be redacted from the airport agreements. However, even the proposed redactions of those agreements should be narrowed a bit further as they include generic headings, job titles, and other information that does not merit sealing. The

specific exceptions are set forth in the footnote below.[1]   Additionally, the following information from the parties' statements of material fact shall remain under seal:  the dollar figures in SUF No. 159, 160, and 161; and the name of the airline in SUF No. 165.

To the extent not discussed above, the Court has considered the parties' arguments and found them to be either moot or without merit.  The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 162.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 26, 2026
        New York, New York

Copies transmitted this date to all counsel of record.

---

[1] Exhibit EE: all proposed redactions are acceptable.  Exhibit FF:  all proposed redactions are acceptable except for "With copy to Legal Department" (p. 17), "President/CEO" (p. 17); "Manager" (p. 19).  Exhibit GG: all proposed redactions are acceptable except for job titles (pp. 16 and 19).  Exhibit HH: all proposed redactions are acceptable except for job titles (pp. 19 and 25) and names of the corporate entities (p. 25).  Exhibit II: all proposed redactions are acceptable except job titles (p. ii), job titles and names of corporate entities (attachment 2 at -1236), and subject line (at -1269 and -1274).  Exhibit LL: all proposed redactions are acceptable except for general headings such as "Exhibit C", "DATA", and "to be provided by Partner to Uber" (at -5120), "Exhibit D" and "Fees and Payments" (at -5121).  To be clear, it is only the headings that shall not be redacted; the specific information under the headings shall remain sealed.